Per Curiam.
The plaintiff is not a creditor of the intestate. As a legatee he has, on the facts stated, no action at law against the defendant Kanter, the foreign exec *443 utor. He has no interest in the fund so-called, which is very vaguely described in the complaint as a sum of money of about 89,000, “which is or will be in the hands of defendant Henry M. Peyser, as the agent or assignee of said defendant Eugene Kanter, in the city of New York, and that said fund is within the jurisdiction of this court. ” His only interest is his claim to a proper administration of the assets under the will. It is clear that the plaintiff has no equitable cause of action against the foreign executor in personam, in the courts of this state, irrespective of the existence in this state of the assets or a part of them. Our courts have no jurisdiction of foreign executors as such. As an exception to this rule, McNamara v. Dwyer (7 Paige, 239), held that the court of chancery had power to compel a foreign administrator to account for and pay over to the complainants their distributive share of the estate of the decedent, which had been received by him, in his character of administrator in Ireland, and which the defendant had brought into this state. To the exercise of such a power, the actual presence of the foreign administrator within this state was necessary ; for so long as he was without the state, the court recognized that his duty was to administer in the foreign forum, and the court could not, by serving him with process out of the state, create any obligation to the laws of this state. The obhgationkihust exist before the service of process. The endeavor to impound a fund recognized by our law as belonging to the foreign administrator, is an arbitrary act not based upon any principle of law. It is only compelling by force a debtor not to pay what he owes to his creditor at a time when the creditor is under no obligation to the plaintiff to abstain from collecting the debt.
The broader ground taken by the learned counsel for respondent is valid. It is that if the foreign executor had been served here, the case is not one where the court ■will interfere -with the foreign administrator. There are no special circumstances to show that justice to the plaintiff calls for the unusual remedy. In Murray v. Toland (3 *444 Johns. Ch. 577), Chancellor Kent said, “ The inconvenience of following a man- to his place of residence abroad does not appear to me to be of itself a sufficient ground for departing from the settled doctrines of the court.” Order affirmed, with $10 costs, and disbursements to be taxed.